Andrew P. Holland/Bar No. 224737
Stephen C. Gerrish/Bar No. 061253
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

**Attorneys for Plaintiff**
**Arc Wood & Timbers, LLC**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **ARC WOOD & TIMBERS, LLC**, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **RIVERWOOD FLOORING & PANELING, INC.**, a Georgia corporation, **KEITH LACY**, an individual, and DOES 1 through 25, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR:** <br><br> **(1) BREACH OF CONTRACT-ALTER EGO LIABILITY** <br> **(2) COMMON COUNT** <br> **(3) FRAUD** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

## PARTIES

1. Plaintiff Arc Wood & Timbers, LLC is a California limited liability company with its principal place of business in San Rafael, California in Marin County.

2. Defendant Riverwood Flooring & Paneling, Inc. ("Riverwood") is a corporation organized and existing under the laws of the state of Georgia, with its principal place of business in Cairo, Georgia.

3. Defendant Keith Lacy is an individual residing in the state of Georgia.

4. The true names and capacities of defendants sued as Does I through X are

unknown to plaintiff but plaintiff is informed and believes and thereon alleges that said fictitiously named defendant are or may be responsible to plaintiff regarding the matters alleged herein as a result of their ownership of, employment with, or relationship to the co-defendants or their participation in the matters alleged herein in any capacity, whether as agent, owner or other representative.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a limited liability company organized, existing and having its principal place of business in the state of California, in the County of Marin. Defendant Riverwood Flooring & Paneling, Inc. is a corporation organized, existing and having its principal place of business in the state of Georgia, in the city of Cairo and defendant Keith Lacy is a resident of the state of Georgia. None of the Doe defendants is a citizen of California

## INTRADISTRICT ASSIGNMENT

6. The contract on which this action is based was made in and was to be performed (i.e., the delivery of product to plaintiff by defendants) in the city of Novato, Marin County, California.

## FIRST CLAIM FOR RELIEF
### Breach of Contract and Alter Ego Liability

7. On or about July 31, 2018, plaintiff and defendant Riverwood entered into a written "Bald Cypress Log Purchase Agreement" (the "Agreement") pursuant to which Riverwood agreed to source, obtain, and store a large volume of high quality, old-growth cypress logs of specified quality in order to fulfill both the quantity and quality of cypress lumber and timber specified by plaintiff for a project known as the KR Project, consisting, in general of a lodge, main house, four guest houses and two mountain cabins with carports.

8. Pursuant to the contract, defendant Riverwood acknowledged that it had identified tracts of Bald Cypress trees that could be harvested and stored for the KR project, encompassing approximately 430,000 board feet of milled Bald Cypress lumber and timber.

9. Pursuant to the contract, plaintiff paid to defendant Riverwood the sum of $537,500 covering the aggregate cost for the purchase, transport, tally and storage of the required 215 truckloads of Bald Cypress logs, to serve as a deposit against all future orders for the KR Project (the "Log Deposit"). As plaintiff ordered logs for production milling, one-half of the invoice value would be allocated/paid to defendant Riverwood from the Log Deposit and plaintiff would pay the balance.

10. Defendant Riverwood produced and supplied 134,000 board feet of useable lumber pursuant to the contract, leaving a projected balance available and yet to be order of 296,000 board feet, the equivalent of 148 truckloads, resulting in a remaining deposit value of plaintiff's funds being held by defendant Riverwood of $327,000.

11. Plaintiff has at all times performed all obligations required on its part under the contract.

12. Beginning on and continuing after October 2020, Defendants have materially breached the Agreement. Despite plaintiff's repeated attempts to contact defendants and procure additional truckloads of lumber pursuant to the contract, defendants have failed and refused to respond and were unable to fulfill the last order submitted for the KR Project. As a result plaintiff was required to purchase $60,000 worth of comparable lumber from another source.

13. By its conduct in failing to perform its required obligations under the contract, in failing to respond to plaintiff's inquiries and concern and in failing to return plaintiff's unused Log Deposit, Defendant Riverwood has totally repudiated and materially breached its obligations.

14. As a direct and proximate result of defendant Riverwood's breach, plaintiff has been damaged by its loss of $327,000 in unused deposited funds plus consequential damages incurred in having to cover defendant's breach by finding new suppliers to fulfill its obligations regarding the KR Project.

15. Plaintiff is informed and believes, and upon such information and belief alleges that defendants Keith Lacy and Does I through 25 are liable and responsible for the obligations of defendant Riverwood alleged herein in that the corporate form is being used to accomplish a fraudulent objective by their having improperly dominated, operated and controlled the corporate

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

entity, which had no separate will of its own and was a mere instrumentality and alter ego of defendant Lacy and Does I thorough 15 by which they have co-mingled corporate assets as their own, converted plaintiff's deposited funds to their own use and benefit, and fraudulently represented on behalf of the defendant corporation that it had sourced and secured sufficient Bald Cypress logs to store for plaintiff's benefit and mill and ship as requested.

**SECOND CLAIM FOR RELIEF**
**Common Count – Money Had and Received**

16. Plaintiff re-alleges and incorporates by reference into this Second Claim for Relief paragraphs 1 through 15 of this complaint.

17. Within the last four years, defendants, and each of them, became indebted to plaintiff in the sum of $327,000.00, plus pre-judgment interest, for money had and received for the use and benefit of plaintiff.

**THIRD CLAIM FOR RELIEF**
**Fraud – Misrepresentation**

18. Plaintiff realleges and incorporates herein by reference into this Third Claim for Relief paragraphs 1 through 15 of this complaint.

19. On or about July 31, 2018, defendants represented to plaintiff orally and writing, primarily through defendant Keith Lacy as defendant Riverwood's authorized officer and agent, that defendant Riverwood has secured and sourced for plaintiff Bald Cypress trees that it could store and mill for and ship to plaintiff on its request high quality, old growth Bald Cypress logs sufficient to produce 430,000 board feet of timber and lumber to satisfy plaintiff's needs for its KR Project.

20. Plaintiff relied upon this representation and entered into the aforesaid contract with defendant Riverwood and paid to defendant Riverwood the advance deposit of $537,500. Plaintiff's reliance was justified based on defendants' assertions regarding its capabilities to secure old growth cypress logs, which are a highly valued and rare commodity.

21. Defendants' representations were false. Plaintiff is informed and believes that the true facts were that defendant Riverwood may have procured and stored 215 truckloads of cypress

logs, sufficient to meet its contractual promise, but, despite its promises, the logs were milled not only for plaintiff's purchase orders for the KR Project but were diverted for their own production and lumber contracts, which was not disclosed to plaintiff.  High grade cypress lumber that should have been allocated to plaintiff's KR Project was instead put into Riverwood's own production for their own clients, and as such Riverwood was only able to produce and deliver 134,000 board feet of lumber (instead of the required 430,000 board feet), and choose not the supply any more lumber and stopped all communications to resolve the outstanding debt as alleged herein.

22.    As a direct and proximate result of defendant misrepresentations, plaintiff was induced to and did pay to defendant Riverwood the total sum of $537,500 of which $327,000 has, on information and belief been in wrongly appropriated by defendants, rather than remaining available as the advance deposit to be applied to future orders.

23.    Defendants have failed and refused to return said funds to plaintiff after plaintiff demands and have failed and refused to provide lumber ordered by plaintiff.

24.    Plaintiff has suffered additional consequential damages, according to proof in having to fulfill its obligations on the KR Project through other channels at much greater cost.

25.    Defendants' conduct was at all time oppressive, malicious and fraudulent there justifying an award of punitive damages.

**PRAYER**

**WHEREFORE** Plaintiff prays that judgment be entered in its favor and against Defendant as follows:

1.    For damages, according to proof;

2.    For  punitive damages, according to proof;

3.    For costs of suit herein incurred; and

4.    For such other and further relief as the court may deem proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury in the above entitled action pursuant to Fed. R. Civ. P. 38(b).

Dated: June 25, 2021

                                      **THOITS LAW**

By:    */s/ Andrew P. Holland*
        **Andrew P. Holland**
        **Attorneys for Plaintiff**
        **Arc Wood & Timbers, LLC**

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

10094.001/1585123

6

COMPLAINT